IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| QUINDELL FORD, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RDB-12-2848 |
| UNITED STATES OF AMERICA, | * | Criminal Action No. RDB-09-0219 |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The *pro se* petitioner Quindell Ford ("Petitioner") has filed a Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 182) pursuant to 28 U.S.C. § 2255. Subsequently, Petitioner filed a Motion to Amend and Supplement Section 2255 Motion (ECF No. 186) pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. In these Motions, Petitioner claims that his sentence should be vacated because (1) this court lacked jurisdiction to convict and sentence him, and (2) his counsel rendered ineffective assistance in violation of his Sixth Amendment Rights.

This Court has reviewed Petitioner's Motion to Vacate (ECF No. 182), Petitioner's Motion to Amend and Supplement (ECF No. 186), the Government's Opposition (ECF No. 189), and Petitioner's Reply to the Government's Opposition (ECF No. 191), and finds that no hearing is necessary.[1] *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, Petitioner's Motion to Amend and Supplement Section 2255 Motion (ECF No. 186) is GRANTED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 182) is DENIED.

---

[1] Petitioner also filed a Motion to Correct Record (ECF No. 190) in which he seeks to correct a typographical error made by the Government in its response. The Petitioner accurately notes that the Government misstated that he was charged with violating 18 U.S.C. § 2113. In fact, Petitioner was charged and convicted under 18 U.S.C. § 1951 and 18 U.S.C. § 924(c). Accordingly, Petitioner's Motion to Correct Record (ECF No. 190) is GRANTED.

1

## BACKGROUND

On February 19, 2010, Petitioner Quindell Ford ("Petitioner") pled guilty to Counts Six and Seven of the Second Superseding Indictment (ECF No. 28). Specifically, he pled guilty to Interference with Interstate Commerce by Robbery under 18 U.S.C. § 1951 (Hobbs Act) (Count Six), and to Brandishing a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c) (Count Seven).

Between December 22, 2008 and March 21, 2009, Petitioner was involved in seven robberies in the State of Maryland. Rearraignment Tr. 47, ECF No. 102. Petitioner planned the robberies with other conspirators, including Todd Bell, Trevon Jones, and others. *Id.* Petitioner also executed the robberies with these other conspirators. *Id.* During the execution of the robberies, Petitioner's primary role was to take the money from the businesses. *Id.* Plaintiff's plea in this case concerns the robbery of the Charles Street Liquors store in Baltimore, Maryland. *Id.* The Charles Street Liquors robbery involved a gun and such violence that the store owner sustained a head injury requiring medical attention. *Id.* at 47-48. Charles Street Liquors received and sold merchandise from outside the State of Maryland. *Id.* at 48.

On April 29, 2010, Petitioner filed a Motion to Withdraw his guilty plea (ECF No. 87). After holding a hearing on July 23, 2010 (ECF No. 113), this Court issued an Order (ECF No. 115) denying Petitioner's request to withdraw his guilty plea on July 26, 2010. On November 4, 2010, this Court sentenced Petitioner to a total period of 366 months incarceration with five years of supervised release (ECF No. 147). Petitioner appealed his sentence, and on September 9, 2011, the United States Court of Appeals for the Fourth Circuit issued a Judgment (ECF No. 180) affirming this Court's decision. Petitioner filed the instant Motion to Vacate on September 20, 2012 (ECF No. 182), and the corresponding Motion to Amend and Supplement on October

22, 2012 (ECF No. 186).

## STANDARD OF REVIEW

This Court recognizes that Petitioner Quindell Ford ("Petitioner") is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where the court lacked jurisdiction to impose the sentence. 28 U.S.C. § 2255. In general, prisoners are also instructed to raise any Sixth Amendment ineffective assistance of counsel claims in a motion under 28 U.S.C § 2255. *See id.* "Ineffective assistance claims are generally not cognizable on direct appeal, . . . 'unless [an attorney's ineffectiveness] conclusively appears from the record.' " *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (quoting *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999)).

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The United States Court of Appeals for the Fourth Circuit has previously noted that "[t]he defendant bears the burden of proving the first prong under the *Strickland* test," and unless this burden is met, "a reviewing court does not need to consider the second prong." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (1992).

The second, or "prejudice," prong requires that a defendant demonstrate that his counsel's errors deprived him of a fair trial. *Strickland*, 466 U.S. at 687. The Fourth Circuit has

concluded that the mere possibility of a different trial result does not satisfy the burden placed on the defendant. *Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (4th Cir. 1986). Ineffective assistance of counsel claims may be disposed of solely based on a deficiency in showing prejudice. *Strickland*, 466 U.S. at 697.

## ANALYSIS

### I. *Petitioner's Motion to Amend and Supplement*

Preliminarily, this Court addresses Petitioner's Motion to Amend and Supplement Section 2255 Motion (ECF No. 186) under Rule 15(d) of the Federal Rules of Civil Procedure. "The Court may . . . permit a party to serve a supplemental pleading . . . even though the original pleading is defective in stating a claim or defense." FED. R. CIV. P. 15(d). The United States Court of Appeals for the Fourth Circuit has instructed, "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n. 15 (4th. Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . . such as prejudice to the defendants.' " *Id.* (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2002)). In light of the Government's non-opposition to this Motion, as well as the fact that Petitioner filed it within the one-year statute of limitations for filing a motion to vacate, this Court GRANTS Petitioner's Motion to Amend and Supplement (ECF No. 186). The amendments that Petitioner requests (ECF No. 186) are hereby considered in conjunction with the arguments asserted in his original Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 182).

### II. *Petitioner's Motion to Vacate, Set Aside, or Correct Sentence*

#### A. *Petitioner's Lack of Jurisdiction Claim*

Petitioner claims that his sentence should be vacated because this Court did not have

subject-matter jurisdiction in this case. Specifically, Petitioner argues that his robbery of the Charles Street Liquors store had no effect on interstate commerce.

Petitioner pled guilty to Hobbs Act robbery under 18 U.S.C § 1951 and challenges this Court's jurisdiction under that statute. Section 1951 of the Hobbs Act prohibits robbery or extortion that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." *United States v. Tillery*, 702 F.3d 170, 173-174 (4th Cir. 2012) (citing 18 U.S.C. § 1951). The Fourth Circuit has explained, "Congress exercised the full extent of this authority in the Hobbs Act . . . [and] therefore found the Hobbs Act to apply whenever the instant offense has at least a 'minimal' effect on interstate commerce." *United States v. Williams*, 342 F.3d 350, 354 (4th Cir. 2003) (citing *United States v. Spagnolo,* 546 F.2d 1117, 1119 (4th Cir.1976)). The *Williams* Court further explained, "[t]he question is not simply whether one particular offense has a measurable impact upon interstate commerce, but whether the relevant class of acts has such an impact." *Id.* at 355 (citing *United States v. Marrero*, 299 F.3d 653, 655 (7th Cir. 2002)).

Petitioner rests his lack of jurisdiction argument solely on the fact that Charles Street Liquors is located in Maryland. However, the location of the business robbed is not the sole determining factor of whether the business is engaged in interstate commerce. The Fourth Circuit has explained, "[v]iewed in the aggregate, it is clear that robbing a place of business . . . which necessarily relies on out-of-state suppliers to operate—has an interstate commerce connection." *Tillery*, 702 F.3d at 174. The Fourth Circuit continued, "it would violate the principles of common sense to find that robbing a legitimate place of business would not have even a minimal effect on interstate commerce, especially when we have to view such activities in the aggregate." *Id.* at 174-175. Petitioner conceded that he robbed Charles Street Liquors,

which is a business that received and sold merchandise from outside the State of Maryland. Rearraignment Tr. 48, ECF No. 102. As a result, Petitioner's conviction under 18 U.S.C. § 1951 is valid. As this Court has recently reiterated, "the federal court's jurisdiction over . . . Hobbs Act robberies is well-established." *Holmes v. United States*, CCB-11-2132, CCB-7-383, 2013 WL 3028917 (D. Md. Jan. 24, 2013). Accordingly, Petitioner's lack of jurisdiction claim must fail.

*B. Petitioner's Ineffective Assistance of Counsel Claim*

Petitioner raises two arguments to support his ineffective assistance of counsel claim. First, Petitioner argues that his counsel rendered ineffective assistance by advising him to agree to an invalid plea agreement. Second, Petitioner argues that his counsel rendered ineffective assistance by failing to file for *coram nobis* relief.[2]

To establish a claim of ineffective assistance of counsel, a defendant must prove both elements of the test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 688, 671 (1984). First, the defendant must establish that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was deficient, courts adopt a "strong presumption" that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 689. Second, a defendant must show that counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. To establish this level of prejudice, the defendant must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

When a defendant alleges ineffective assistance after a guilty plea has been entered, the

---

[2] Coram nobis is "[a] writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact." Black's Law Dictionary 362 (8th ed. 2004).

burden is even greater. *See Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Fourth Circuit explained the logic behind *Strickland* as follows:

> When a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Id.* Additionally, an ineffective assistance of counsel claim based upon a failure to file a motion to suppress evidence requires the defendant to show actual prejudice by demonstrating that his "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

### 1. *Guilty plea*

Petitioner alleges that his counsel rendered ineffective assistance by advising him to agree to an invalid plea agreement. To prevail on an ineffective assistance of counsel claim, a defendant must satisfy both the "performance" and "prejudice" prongs of *Strickland*. Accordingly, Petitioner must not only demonstrate that his counsel's conduct "fell below an objective standard of reasonableness," but also that he suffered prejudice as a result of this deficient conduct. *Strickland v. Washington*, 466 U.S. 668, 669-670 (1984). In *Hill*, the Supreme Court explained that "where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness [and intelligence] of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " 474 U.S. at 56 (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). In assessing whether counsel's performance was deficient, courts adopt a "strong presumption" that counsel's actions fell within the "wide range of reasonable professional

7

assistance." *Strickland*, 466 U.S. at 689. In *Fields v. Attorney General of the State of Maryland*, the Fourth Circuit instructed that a defendant's statements in a plea agreement are binding absent clear and convincing evidence to the contrary. 956 F.2d 1290, 1299 (4th Cir. 1992). Furthermore, there is a strong presumption that the plea is final and binding when an appropriate Rule 11 of the Federal Rules of Criminal Procedure guilty plea colloquy is conducted. *See United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992).

To support his ineffective assistance of counsel claim, Petitioner raises several arguments, seeking to demonstrate the alleged invalidity of his plea agreement. First, he argues that his counsel rendered ineffective assistance by allowing him to be confused by the Second Superseding Indictment. He further argues that he never pled guilty to the Second Superseding Indictment. The record does not support Petitioner's allegation. The plea agreement in this case was amended by interlineation and the changes correspond with the content of the Second Superseding Indictment. Petitioner signed not only the entire plea agreement, but also each change made to the document. Additionally, Petitioner signed the plea agreement directly below the paragraph representing his confirmation that, "[he] read this agreement and carefully reviewed every part of it with [his] attorney." Plea Agreement 9, ECF No. 68. Moreover, even assuming the interlineation confused Petitioner, both the original Indictment and Second Superseding Indictment include a Hobbs Act charge and a Section 924(c) charge. As a result, the amendment by interlineation did not create a substantive change to the charges, and Petitioner's ineffective assistance of counsel claim fails.

Second, Petitioner contends that his guilty plea was not voluntary and knowing. He expresses his dissatisfaction by merely stating that his counsel gave him "ill advice" by advising him to sign the plea agreement. Mot. to Vacate 2, ECF 182. Such a conclusory statement with

8

no supporting facts cannot sufficiently state a valid ineffective assistance of counsel claim. *See Strickland*, 44 U.S. at 490. It also contradicts Petitioner's testimony during the Rule 11 colloquy. At that time, Petitioner agreed that he was "fully satisfied" with his counsel's representation and advice. Rearraignment Tr. 27, Ex. B, ECF No. 110-2. Moreover, when this Court asked him, "is there anything you've asked [counsel] to do which he's not done?" he responded, "No, sir. He did everything I asked him." *Id.* Furthermore, as mentioned above, Peitioner signed the plea agreement under the paragraph confirming that "[he understood] it and voluntarily agree[d] to it." Plea Agreement 9.

Third, Petitioner argues that his counsel rendered ineffective assistance by advising him to plead guilty to the Section 924(c) charge, even though Petitioner said he was innocent. Petitioner seeks to assert his innocence by arguing that there is no evidence that the gun was in his personal possession during the Charles Street Liquors robbery. However, "[a] defendant may be convicted of a Section 924(c) charge on the basis of a coconspirator's use of a gun if the use was in furtherance of the conspiracy and was reasonably foreseeable to the defendant." *United States v. Wilson*, 135 F.3d 291, 305 (4th Cir. 1998) (citing *United States v. Chorman*, 910 F.2d 102, 110-111 (4th Cir. 1990)). The Charles Street Liquors robbery involved a gun and resulted in a gun-related injury. Petitioner accepted these facts when he pled guilty at his rearraignment hearing. Accordingly, it is irrelevant whether the gun involved in the robbery was in Petitioner's personal possession. This argument fails to support his claim of ineffective assistance of counsel.

Fourth, Petitioner argues that his plea withdrawal request was improperly denied, and that as a result, he was denied a jury trial. Specifically, Petitioner alleges that his counsel rendered ineffective assistance by failing to raise certain objections during the plea withdrawal hearing.

9

*Strickland* requires that "[a] convicted defendant making a claim of ineffective assistance . . . identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. In the instant Motion to Vacate, Petitioner fails to bring any new evidence relevant to his earlier request to withdraw his guilty plea. He merely claims that counsel "failed to object to vital errors by [the] Court during [the] plea withdrawel [sic] hearing." Mot. to Vacate 9. Such a conclusory and generalized statement about counsel's performance is insufficient to state a claim under *Strickland*.

As discussed above, Petitioner fails to sufficiently allege that his counsel's actions fell below the "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Thus, Petitioner does not satisfy the "performance" prong of *Strickland*. If the defendant does not meet his burden of proving the first prong of the *Strickland* test, "a reviewing court does not need to consider the second prong." *Fields*, 956 F.2d at 1297. Since Petitioner fails to demonstrate that his counsel's professional conduct fell outside the realm of reasonable professional assistance as discussed by the first prong of *Strickland*, this Court may dispose of Petitioner's ineffective assistance of counsel claim without analyzing the second prong of *Strickland*. Accordingly, Petitioner's ineffective assistance of counsel claim must fail.

### 2. *Coram Nobis*

Petitioner alleges that his counsel rendered ineffective assistance of counsel by failing to file a motion for *coram nobis* relief. As previously stated, to prevail on this claim, Petitioner must demonstrate (1) that his counsel's performance fell below an "objective standard of reasonableness," and (2) that he suffered prejudice as a result of this deficient performance. *Strickland*, 466 U.S. at 687-688. *Coram nobis* is an extraordinary remedy that should be granted only "to correct errors of the most fundamental character where the circumstances are

compelling to achieve justice." *Correa–Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973). Petitioner fails to demonstrate how his circumstances are so extraordinary as to demand such relief.

Petitioner alleges that his counsel rendered ineffective assistance of counsel by failing to file a motion for *coram nobis* relief regarding his previous convictions for controlled substance offenses. The record starkly contrasts with this allegation. Counsel took appropriate steps to obtain *coram nobis* relief for Petitioner. In a letter to the Assistant United States Attorney ("AUSA"), counsel stated that, by the time Petitioner requested a *coram nobis* petition, he did not have enough time to file one. Letter from Michael D. Montemarano to the AUSA (Dec. 28, 2012), Ex. A., ECF No. 189-1. Nevertheless, even though counsel was unable to file a *coram nobis* petition, during sentencing, counsel still proffered as to the likelihood of *coram nobis* relief being granted. As a direct result of counsel's proffer, this Court reduced Petitioner's criminal history range. Sentencing Tr. 46. Thus, Petitioner fails to demonstrate how his counsel's behavior fell below "an objective standard of reasonableness." *Strickland*, U.S. at 688.

As Petitioner fails to meet the "performance" prong of *Strickland*, this Court does not need to address the "prejudice" prong. *Strickland*, 466 U.S. at 687-688. Nevertheless, even if Petitioner had demonstrated that his counsel's conduct was deficient, Petitioner does not bring sufficient evidence that such deficient conduct caused him to suffer prejudice. In the above-referenced letter to the AUSA, Petitioner's counsel explained that the Court had made it clear that the length of Petitioner's sentence was the result of factors other than Petitioner's criminal history. Thus, Petitioner fails to meet either prong of the *Strickland* test. Accordingly, Petitioner's Motion to Vacate is DENIED.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Correct Record (ECF No. 190) and Motion to Amend and Supplement (ECF No. 186) are GRANTED. However, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 182) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:   June 18, 2013

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　United States District Judge