IN THE

UNITED STATED DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No. 1:09-cr-00219-RDB |
| QUINDELL FORD | : | |

**SUPPLEMENT TO MOTION FOR COMPASSIONATE RELEASE
AND REDUCTION OF SENTENCE**

COMES NOW Petitioner Quindell Ford, by and through his attorney, Daniel J. Wright, Esq., and files a supplement to the pending motion for compassionate release and reduction of sentence. ECF 295.

PROCEDURAL HISTORY

On February 19, 2010, Quindell Ford pled guilty to Counts Six and Seven of a seven-count second superseding indictment. In Count Six, he was charged with Hobbs Act Robbery, in violation of 18 U.S.C. §1951(a) and in Count Seven, he was charged with possessing and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On November 4, 2010, he was sentenced to 240 months as to count 6 and 96 months as to count 7 to be served consecutive to count 6, with a total of 336 months imprisonment.

On November 3, 2020, Mr. Ford filed an inmate request for compassionate release/reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) which was denied by Warden Robert Hazlewood on November 6, 2020. ECF 295-2. Mr. Ford's subsequent administrative appeal was also rejected on January 13, 2021. Exh. 1. The reason stated for his administrative appeal denial was that he was supposed to: (a) attach his original BP-9 application; and (b) first file the application to the warden. *Id.* However, Mr. Ford had filed a BP-9 and the error was with the warden in not attaching it to his denial.

Having exhausted the administrative remedy, on January 20, 2021, Mr. Ford filed a pro se motion for compassionate release and reduction of sentence. ECF 295. He submitted the motion "in accordance with 18 U.S.C. § 3582(c)(1)(A) [f]or a reduction of sentence from 28 years to the [a]pplicable [g]uidelines without the career offender [e]nhacment." *Id.* On April 2, 2021, Mr. Ford, by way of another filing clarified to the court that he was properly before the court since his administrative remedies were exhausted. ECF 299. On May 17, 2021, Mr. Ford amended his motion in light of the Fourth Circuit's decision in *United States v. Green*, 996 F.3d 176 (4th Cir. 2021).

## ARGUMENT

**I.     Because Mr. Ford Has Exhausted The Administrative Remedy, He Is Properly Before This Court.**

The reason stated for his administrative appeal denial was that he was supposed to: (a) attach his original BP-9 application; and (b) first file the application to the warden. However, Warden Hazelwood did not complain about not receiving BP-9. In fact, his denial shows that he did review

2

it. He did not return it to Mr. Ford with his denial, however, so Mr. Ford had nothing to forward to the regional office. This was not his fault. The warden kept the BP-9. This was noted in a memorandum to file by Mr. Ford's case manager. In short, Mr. Ford has exhausted the administrative remedy and is properly before this court. (Attachment A).

## II.     Mr. Ford Should Receive a Reduction in his Sentence Under § 3582(C)(1)(A) in Light of the Fourth Circuit's Decision in *United States v. Green*.

In *United States v. Green*, 996 F.3d 176, 184 (4th Cir. 2021), the Fourth Circuit held that "Hobbs Act robbery is not a crime of violence under the career offender provision of the Sentencing Guidelines." Therefore, Mr. Ford would receive a significantly lower sentence were he sentenced under a correct interpretation of the law.

Attached to his filing is an analysis of Mr. Ford's sentence conducted by Turner Mebane, a sentencing consultant who worked for more than 22 years as a United States Probation Officer. Mr. Mebane concludes that the effective advisory sentence guideline range is 205 – 235 months, as opposed to his current sentence of 336 months. (Attachment B).

Because, Mr. Ford has served significant amount of his sentence already with no major violations at the prison, has expressed remorse for his actions, and is anxious to be a productive member of the society upon release with good family ties and a job lined up (ECF 295-1, 295-2, 295-3, 295-4, 295-5, 295-6) the court should sentence him at below guideline range.

WHEREFORE, Mr. Ford prays that the count will grant his motion, resentence him and order

such further relief as law and justice may require.

Respectfully submitted,

/s/ Daniel Wright

_____

Daniel J. Wright, Esq.

Bar No. 17243

20 Courthouse Square, Ste. 212

Rockville, Maryland 20850

Telephone: (301) 655-8130

Facsimile: (301) 576-5026

djwrightesq@gmail.com

*Attorney for* Quindell Ford

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June, 2021, a copy of the foregoing was electronically filed and served via CM/ECF to:

Samika N. Boyd, Esq.
Office of U.S. Attorney
36 South Charles Street
Baltimore, MD 21201


Daniel J. Wright