# XUSPO SENTENCING CONSULTANTS
## MITIGATION & INVESTIGATIONS

Daniel J. Wright
20 Courthouse Square
Suite 212
Rockville, Maryland 20850

                                                 Re: Quindell Ford
                                                 Dkt. No.: RDB-09-0219-001

Dear Mr. Wright,

In this instant offense, Mr. Ford pled guilty (with the benefit of a written plea agreement) to Count 6: Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) and Count 7: Using, Carrying, and Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Pursuant to USSG §1B1.2(c), a plea agreement containing a stipulation that specifically establishes the commission of additional offenses(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offenses. In this case, Mr. Ford agreed that he not only committed the robbery described in Count 6 of the Superseding Indictment, but also six (6) additional robberies, in violation of 18 U.S.C. § 1951(a).

For the sake of clarity, these additional robberies will be referred to henceforth as Count 8 (December 22, 2008), Count 9 (December 24, 2008), Count 10 (December 29, 2008), Count 11 (January 7, 2009 - Reisterstown), Count 12 (January 7, 2009 – Baltimore), and Count 13 (January 16, 2009)

For Counts 6, 8, 9, 10, 11, 12, & 13, the guideline for an 18 U.S.C. § 1951(a) offense is found in USSG §2B3.1 – *Robbery*.

For Count 7, the guideline for an 18 U.S.C. § 924(c)(1)(A)(ii) offense is found in USSG §2K2.4 – *Use of a Firearm, Armor Piercing Ammunition, or Explosive During or in Relation to Certain Crimes.* The guideline sentence is the minimum



| | | |
|---|---|---|
| 4401 Apex Lane | PHONE | 240-583-1864 |
| Suite 100 | FAX | 301-567-5727 |
| Beltsville, MD 20705 | EMAIL | turner@xuspo.com |
| | WEBSITE | www.xuspo.com |

term of imprisonment (7 years) required by statute, and Chapters Three and Four shall not apply to that count of conviction, pursuant to USSG §2K2.4(b).

Counts 6, 8, 9, 10, 11, 12, & 13 are excluded from being grouped with another count, pursuant to USSG §3D1.2(d).

We believe the following guideline calculations are applicable in Mr. Ford's case:

> **Count 6**: **Interference with Interstate Commerce by Robbery (March 21, 2009)**
>
> **Base Offense Level:** The guideline for an 18 U.S.C. § 1951(a) offense is found in USSG §2B3.1 - _Robbery_ and calls for a base offense level of 20. USSG §2B3.1(a).                              **20**
>
> **Specific Offense Characteristics:** During the robbery, a victim was hit in the head and required medical treatment. If any victim sustains bodily injury, increase the offense level by 2. USSG §2B3.1(b)(3)(A).                              **+2**
>
> **Specific Offense Characteristics:** During the robbery, a Glock 26 9mm handgun was stolen from a victim. If a firearm was taken, increase the offense level by 1. USSG §2B3.1(b)(6).     **+1**
>
> **Victim Related Adjustment:** None.                              **0**
>
> **Adjustment for Role in the Offense:** None.                              **0**
>
> **Adjustment for Obstruction of Justice:** None.                              **0**
>
> **Adjusted Offense Level (Subtotal):**                              **23**
>
> **Count 8**: **Interference with Interstate Commerce by Robbery (December 22, 2008)**
>
> **Base Offense Level:** The guideline for an 18 U.S.C. § 1951(a) offense is found in USSG §2B3.1 - _Robbery_ and calls for a base offense level of 20. USSG §2B3.1(a).                              **20**
>
> **Specific Offense Characteristics:** During the robbery, a coconspirator used his firearm to strike a victim in the head twice. If a firearm was otherwise used, increase the offense level by 6, pursuant to USSG §2B3.1(b)(2)(B).                              **+6**

**Specific Offense Characteristics:** During the robbery, a victim was struck twice in the head with a coconspirator's firearm and required medical treatment. If any victim sustained bodily injury, increase the offense level by 2, pursuant to USSG §2B3.1(b)(3)(A).   **+2**

**Victim Related Adjustment:** None.   **0**

**Adjustment for Role in the Offense:** None.   **0**

**Adjustment for Obstruction of Justice:** None.   **0**

**Adjusted Offense Level (Subtotal):**   **28**

**Count 9**: **Interference with Interstate Commerce by Robbery (December 24, 2008)**

**Base Offense Level:** The guideline for an 18 U.S.C. § 1951(a) offense is found in USSG §2B3.1 - *Robbery* and calls for a base offense level of 20. USSG §2B3.1(a).   **20**

**Specific Offense Characteristics:** During the robbery, Mr. Ford and/or his co-conspirators possessed firearms. If a firearm was brandished or possessed, increase the offense level by 5, pursuant to USSG §2B3.1(b)(2)(C).   **+5**

**Specific Offense Characteristics:** During the robbery, a victim was physically bound with duct tape. If any person was physically restrained to facilitate commission of the offense or to facilitate escape, increase the offense level by 2. USSG §2B3.1(b)(4)(B). **+2**

**Specific Offense Characteristics:** During the robbery, a .38 caliber Smith & Wesson revolver was stolen from a victim. If a firearm was taken, increase the offense level by 1. USSG §2B3.1(b)(6).   **+1**

**Victim Related Adjustment:** None.   **0**

**Adjustment for Role in the Offense:** None.   **0**

**Adjustment for Obstruction of Justice:** None.   **0**

**Adjusted Offense Level (Subtotal):**   **28**

**Count 10**: **Interference with Interstate Commerce by Robbery (December 29, 2008)**

**Base Offense Level:** The guideline for an 18 U.S.C. § 1951(a) offense is found in USSG §2B3.1 - *Robbery* and calls for a base offense level of 20. USSG §2B3.1(a).   **20**

**Specific Offense Characteristics:** During the robbery, one of the robbers possessed and brandished a firearm. If a firearm was brandished or possessed, increase the offense level by 5. USSG §2B3.1(b)(2)(C).   **+5**

**Victim Related Adjustment:** None.   **0**

**Adjustment for Role in the Offense:** None.   **0**

**Adjustment for Obstruction of Justice:** None.   **0**

**Adjusted Offense Level (Subtotal):**   **25**

**Count 11**: **Interference with Interstate Commerce by Robbery (January 7, 2009 – Reisterstown, MD)**

**Base Offense Level:** The guideline for an 18 U.S.C. § 1951(a) offense is found in USSG §2B3.1 - *Robbery* and calls for a base offense level of 20. USSG §2B3.1(a).   **20**

**Specific Offense Characteristics:** During the robbery, one of the robbers used his firearm to strike a victim in the head and forced him to the ground. If a firearm was otherwise used, increase the offense level by 6, pursuant to USSG §2B3.1(b)(2)(B).   **+6**

**Victim Related Adjustment:** None.   **0**

**Adjustment for Role in the Offense:** None.   **0**

**Adjustment for Obstruction of Justice:** None.   **0**

**Adjusted Offense Level (Subtotal):**   **26**

**Count 12**: **Interference with Interstate Commerce by Robbery (January 7, 2009 – Baltimore, MD)**

**Base Offense Level:** The guideline for an 18 U.S.C. § 1951(a) offense is found in USSG §2B3.1 - *Robbery* and calls for a base offense level of 20. USSG §2B3.1(a).                                           **20**

**Specific Offense Characteristics:** During the robbery, one of the robbers used his firearm to hit a victim in the head. If a firearm was otherwise used, increase the offense level by 6, pursuant to USSG §2B3.1(b)(2)(B).                                                                                         **+6**

**Specific Offense Characteristics:** During the robbery, a victim was struck in the head with a robber's firearm and required medical attention for his injuries. If any victim sustained bodily injury, increase the offense level by 2, pursuant to USSG §2B3.1(b)(3)(A).                                                                                          **+2**

**Victim Related Adjustment:** None.                                                          **0**

**Adjustment for Role in the Offense:** None.                                          **0**

**Adjustment for Obstruction of Justice:** None.                                   **0**

**Adjusted Offense Level (Subtotal):**                                                   **28**

**Count 13**: **Interference with Interstate Commerce by Robbery (January 16, 2009)**

**Base Offense Level:** The guideline for an 18 U.S.C. § 1951(a) offense is found in USSG §2B3.1 - *Robbery* and calls for a base offense level of 20. USSG §2B3.1(a).                                           **20**

**Specific Offense Characteristics:** During the robbery, Mr. Ford and/or co-conspirators brandished a firearm. If a firearm was brandished or possessed, increase the offense level by 5, pursuant to USSG §2B3.1(b)(2)(C).                                                                                         **+5**

**Specific Offense Characteristics:** During the robbery, the victims' hands were bound with tape, and they were forced to lay face down on the ground. If any person was physically restrained to facilitate commission of the offense or to facilitate escape, increase the offense level by 2. USSG §2B3.1(b)(4)(B).                                        **+2**

**Victim Related Adjustment:** None.                                                          **0**

5

**Adjustment for Role in the Offense:** None. **0**

**Adjustment for Obstruction of Justice:** None. **0**

**Adjusted Offense Level (Subtotal):** **27**

**Multiple Count Adjustment:**

| Group/Count | Adjusted Offense Level | Units |
|---|---|---|
| Count 6 | 23 | 0.5 |
| Count 8 | 28 | 1.0 |
| Count 9 | 28 | 1.0 |
| Count 10 | 25 | 1.0 |
| Count 11 | 26 | 1.0 |
| Count 12 | 28 | 1.0 |
| Count 13 | 27 | 1.0 |

**Greater of the Adjusted Offense Levels Above:** **28**

**Total Number of Units:** **6.5**

**Increase in Offense Level:** **5**

**Combined Adjusted Offense Level:** **32**

**Chapter Four Enhancement:** None. **0**

**Acceptance of Responsibility:** Mr. Ford pled guilty to Counts 6 and 7 and accepted full responsibility for his conduct in this case. Accordingly, the client is entitled to a 2-level downward adjustment for acceptance of responsibility. USSG §3E1.1. **-2**

**Total Offense Level:** **30**

It should be noted that our calculations are lower than those determined by the U.S. Probation Officer in the presentence investigation report disclosed on April 26, 2010. For the robberies that occurred on December 24, 2008, and January 16, 2009, the probation officer applied a 1-level increase due to the amount of loss in each robbery, pursuant to USSG §2B3.1(b)(7)(B). The loss amounts in those robberies were less than $20,000. In the current sentencing guidelines

manual, the threshold for loss has been increased to $20,000. Any loss below $20,000 results in no increase to the offense level. Should Mr. Ford be resentenced in this case, the current guidelines manual (2018) is more beneficial to him and should be used to determine the sentencing guidelines calculations.

### Criminal History

The United States Probation & Pretrial Services Office completed a Presentence Investigation Report in this case. We thoroughly reviewed the Presentence Investigation Report and did not find any calculation errors that would negatively impact the client's criminal history score or Criminal History Category. Mr. Ford's prior convictions add up to a total of six (6) criminal history points and result in a Criminal History Category of III.

The Fourth Circuit Court of Appeals recently ruled that Hobbs Act robbery in violation of 18 U.S.C. §1951 is not a crime of violence and cannot be used as a predicate offense for a Career Offender enhancement, pursuant to USSG §4B1.1. Based on the Fourth Circuit's decision, Mr. Ford would not be classified as a Career Offender today if he were to be resentenced.

### Conclusion

Based on a total offense level of 30 and a Criminal History Category of III, the advisory sentencing guidelines range is **121-151months** incarceration for Count 6. Including a consecutive sentence of 84 months for Count 7, the "effective" advisory sentencing guidelines range is **205-235 months**.

Respectfully submitted,

*Turner R. Mebane, Jr.*

Turner R. Mebane, Jr.
XUSPO Sentencing Consultants
Report completed: June 14, 2021

7